Metcalfe, J.
The plaintiff in error Eva Lilliston was arrested by an officer of the Cleveland police department, and under a city ordinance an affidavit was filed against her in the municipal court charging her with street soliciting.
Thereupon she appeared before the clerk of said court, with plaintiff in error G. W. Gurney, and entered into a recognizance for her appearance, the bond running to the city of Cleveland. The plaintiff in error Eva Lilliston failed to appear at the time set for trial and the recognizance was forfeited.
This action is brought in the* name of the state of Ohio to recover the penalty. The question here is, Can an action be maintained in the name of the 'state of Ohio on a recognizance running to the city of Cleveland taken in a prosecution in the *345 municipal court of said city under a municipal ordinance ?
We are clear that such action can not be maintained in the name of the state. The case cited in the brief of counsel for defendant in error as Chandler v. Commissioners, 2 Dec. Re., 112, does not apply. In that case the prosecution was under a state law and the bond was taken in the name of the state of Ohio. Of .course, in a prosecution under the law of the state, in a state court, the recognizance would run to the state of Ohio, and the state of Ohio would be the real party in interest in an action to recover the penalty of the bond. Here, however, the case is different. The prosecution was under a municipal ordinance in municipal court and the bond ran to the city of Cleveland.
Before the state could maintain an action on such a bond it would have to show either a statutory right or that it had in some way acquired the interest of the city.
The petition in this case does not show a cause of action in favor of the plaintiff, the defect would not be waived by a failure to demur, and a judgment on such a petition would be void. Weidner et al. v. Rankin et al., 26 Ohio St., 522, and Spoors v. Coen, 44 Ohio St., 497.

The judgment is reversed.

Pollock and Farr, JJ., concur.
Judges of the Court of Appeals of the Seventh Appellate District, sitting in place of Judges Grant, Carpenter and Lieghley of the Eighth Appellate District.